# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

N.G.,

        **Plaintiff,**

v.                                                    **Case No. 6:24-cv-2379-JA-DCI**

G6 HOSPITALITY PROPERTY
LLC,

        **Defendant.**

---

## ORDER

This action is brought under the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595. (Doc. 1 ¶¶ 6, 19). Before the Court is Defendant's amended motion to dismiss Plaintiff's first amended complaint (Doc. 20), Plaintiff's response in opposition (Doc. 21), Defendant's notice of supplemental authority (Doc. 31), and Defendant's reply in support of its amended motion to dismiss (Doc. 33). For the following reasons, the amended motion to dismiss is granted.

## I.     BACKGROUND

Plaintiff alleges that in 2016 and 2017 she was sex trafficked at three hotels staffed and operated by Defendant in the Orlando area.[1] (Doc. 17 ¶¶ 6,

---

[1] The three hotels were: Motel 6 Orlando, Motel 6 Kissimmee, and Motel 6 Winter Park. (Doc. 17 ¶¶ 3–5).

19). To induce Plaintiff to have sex with individuals at the hotels, a gang of sex traffickers used "force, fraud and coercion" including beating Plaintiff, threatening to kill her family, withholding her identification documents, and manipulating her with drugs. (*Id.* ¶¶ 20, 22, 43). On March 12, 2025, Plaintiff filed her first amended complaint against Defendant, asserting a single civil sex-trafficking-beneficiary claim under the TVPRA.

## II.    LEGAL STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). In considering a motion to dismiss brought under Rule 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## III.  DISCUSSION

Defendant argues that the complaint fails to state a cognizable "sex trafficking beneficiary" claim under the TVPRA.  To state a beneficiary claim under the TVPRA, the plaintiff must plausibly allege that the defendant "(1) knowingly benefited (2) from participating in a venture; (3) that venture violated the TVPRA as to the [plaintiff]; and (4) the [defendant] knew or should have known that the venture violated the TVPRA as to the [plaintiff]." *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723 (11th Cir. 2021).

Here, Defendant argues that Plaintiff has failed to allege the second element—that Defendant participated in a "venture" with her sex traffickers. To assert participation in a venture, "Plaintiff must allege that Defendant 'took part in a common undertaking or enterprise involving risk and potential profit' with the trafficker." *A.L. v. G6 Hosp. Prop. LLC*, No. 25-80056-CV, 2025 WL 1151750, at *2 (S.D. Fla. Apr. 18, 2025) (quoting *Red Roof Inns*, 21 F.4th at 725). The Court agrees that Plaintiff has insufficiently alleged that Defendant participated in a venture with Plaintiff's traffickers.

Plaintiff alleges that Defendant engaged in a common enterprise with her traffickers by "operating the . . . three hotels and repeatedly renting out rooms to [her] traffickers (or to another individual renting at the trafficker's directive)." (Doc. 17 ¶ 39).  Plaintiff also alleges that the repeated room rentals were not standard arm's length transactions.  (*Id.* ¶ 35).  And Plaintiff alleges

that as a result, Defendant received financial benefit "from Wi-Fi" charges and "by receiving payment for the rooms rented by her traffickers (or at the direction of her traffickers) that were used for sex trafficking." (*Id.* ¶ 23). She also alleges that some unknown hotel employees observed signs of sex trafficking at the hotels. But allegations of financial benefit alone are insufficient "to establish that the defendant participated in a sex trafficking venture[,] and observing signs of sex trafficking 'is not the same as participating in it.'" *K. H. v. Riti, Inc.*, No. 23-11682, 2024 WL 505063, at *4 (11th Cir. Feb. 9, 2024) (quoting *Red Roof Inns*, 21 F.4th at 726).

And while Plaintiff alleges that "a male front desk employee . . . would come to the room to smoke crack and get a sex act performed on him," Plaintiff does not explain how this indicates Defendant's participation in a venture with her traffickers. *Compare I.R. v. I Shri Khodiyar, LLC*, 723 F. Supp. 3d 1327 (N.D. Ga. 2024) (finding that an issue of fact existed to overcome motion for summary judgment where there was evidence that, *inter alia*, the defendant's managerial employee solicited sex from the plaintiffs in exchange for free lodging; traffickers chose hotel because they knew people there and the owners had allowed trafficking; manager and part-owner saw the plaintiff chained to bedframe in traffickers' room; and managerial employees would visit the plaintiffs' rooms when they were with "customers" to see if they needed anything), *with A.L.*, 2025 WL 1151750, at *3 (finding venture element of

TVPRA claim insufficiently pleaded where the plaintiff's allegations did not support a conclusion that hotel was engaged in venture with traffickers through unnamed employees that the plaintiff was forced to have sex with). Here, at most, Plaintiff has alleged that some of Defendant's staff may have known about her status as a victim, but that does not establish a "venture." *See A.L.*, 2025 WL 1151750, at *3.

Thus, Plaintiff fails to state a cognizable beneficiary claim under the TVPRA.

## IV. CONCLUSION

Accordingly, the defendant's amended motion to dismiss (Doc. 20) is **GRANTED**. The complaint is **DISMISSED without prejudice**.[2] Plaintiff may file a second amended complaint on or before May 28, 2025.

**DONE** and **ORDERED** in Orlando, Florida, on May 7, 2025.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

---

[2] Although Defendant requests dismissal with prejudice, the Court notes that the first amended complaint is the first pleading in this case that it has reviewed and thus will provide Plaintiff another opportunity to plead a plausible claim. *See, e.g., Taylor v. CPLG FL Props. LLC*, No. 2:24-cv-429, 2024 WL 4825814, at *6 n.5 (M.D. Fla. Nov. 19, 2024).