# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

N.G.,

        Plaintiff,

v.                              Case No. 6:24-cv-2379-JA-DCI

G6 HOSPITALITY PROPERTY LLC,

        Defendant.

## ORDER

This action is brought under the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595. (Doc. 37 ¶¶ 6, 19). Before the Court is Defendant's motion to dismiss Plaintiff's second amended complaint (Doc. 38), Plaintiff's response in opposition (Doc. 41), and Defendant's reply in support of its motion to dismiss (Doc. 46). For the following reasons, the motion to dismiss is granted.

I.      BACKGROUND

Plaintiff alleges that in 2016 and 2017 she was sex trafficked at Motel 6 Kissimmee, a hotel staffed and operated by Defendant in the Orlando area. (Doc. 37 ¶¶ 2–4, 11, 16). To induce Plaintiff to have sex with individuals at the hotel, a gang of sex traffickers used "force, fraud and coercion" including beating Plaintiff, threatening to kill her family, withholding her identification

documents, and manipulating her with drugs. (*Id.* ¶¶ 17, 19, 45). The Court dismissed Plaintiff's first amended complaint without prejudice, finding she had failed to state a claim under the TVPRA. (Doc. 36). On May 28, 2025, Plaintiff filed her second amended complaint against Defendant, asserting a single civil sex-trafficking-beneficiary claim under the TVPRA. (Doc. 37).

## II. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). In considering a motion to dismiss brought under Rule 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## III. DISCUSSION

Defendant argues that the second amended complaint fails to state a

2

cognizable sex-trafficking-beneficiary claim under the TVPRA. To state a beneficiary claim under the TVPRA, the plaintiff must plausibly allege that the defendant "(1) knowingly benefited (2) from participating in a venture; (3) that venture violated the TVPRA as to the [plaintiff]; and (4) the [defendant] knew or should have known that the venture violated the TVPRA as to the [plaintiff]." *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723 (11th Cir. 2021).

Here, Defendant argues that, like the first amended complaint, the second amended complaint fails to allege the second element—that Defendant participated in a "venture" with Plaintiff's sex traffickers. To assert participation in a venture, "Plaintiff must allege that Defendant 'took part in a common undertaking or enterprise involving risk and potential profit' with the trafficker." *A.L. v. G6 Hosp. Prop. LLC*, No. 25-80056-CV, 2025 WL 1151750, at *2 (S.D. Fla. Apr. 18, 2025) (quoting *Red Roof Inns*, 21 F.4th at 725). The Court agrees that Plaintiff has insufficiently alleged that Defendant participated in a venture with Plaintiff's traffickers.

Plaintiff alleges that Defendant engaged in a common enterprise with her traffickers by "operating the subject hotel and repeatedly renting out rooms to [her] traffickers (or to another individual renting at the traffickers['] directive)." (Doc. 37 ¶ 41). Plaintiff also alleges that the repeated room rentals were not standard arm's-length transactions. (*Id.* ¶ 37). And Plaintiff alleges that as a result, Defendant received financial benefit "from Wi-Fi" charges and "by

3

receiving payment for the rooms rented by her traffickers (or at the direction of her traffickers) that were used for sex trafficking." (*Id.* ¶¶ 27, 43). She also alleges that some unknown hotel employees observed signs of sex trafficking at the hotels. But allegations of financial benefit alone are insufficient "to establish that the defendant participated in a sex trafficking venture[,] and observing signs of sex trafficking 'is not the same as participating in it.'" *K. H. v. Riti, Inc.*, No. 23-11682, 2024 WL 505063, at *4 (11th Cir. Feb. 9, 2024) (quoting *Red Roof Inns*, 21 F.4th at 726).

And while Plaintiff alleges that "a male front desk employee . . . would come to the room to smoke crack and get a sex act performed on him," Plaintiff does not explain how this indicates Defendant's participation in a venture with her traffickers. *Compare I.R. v. I Shri Khodiyar, LLC*, 723 F. Supp. 3d 1327 (N.D. Ga. 2024) (finding that an issue of fact existed to overcome motion for summary judgment where there was evidence that, *inter alia*, the defendant's managerial employee solicited sex from the plaintiffs in exchange for free lodging; traffickers chose hotel because they knew people there and the owners had allowed trafficking; manager and part-owner saw a plaintiff chained to bedframe in traffickers' room; and managerial employees would visit the plaintiffs' rooms when they were with "customers" to see if they needed anything), *with A.L.*, 2025 WL 1151750, at *3 (finding venture element of TVPRA claim insufficiently pleaded where the plaintiff's allegations did not

4

support a conclusion that hotel was engaged in venture with traffickers through unnamed employees that the plaintiff was forced to have sex with), *and* (Doc. 37 ¶ 30 (adding allegation that unnamed staff member worked part-time as a night auditor/front desk clerk and part-time in a security-type role)). Likewise, Plaintiff's allegation that this unknown male front-desk employee served as a lookout does not indicate Defendant's participation in a venture because there is nothing more alleged to connect the actions of Defendant to Plaintiff's traffickers. (Doc. 37 ¶ 33); *see Taylor v. CPLG FL Props. LLC*, No. 2:24-CV-429, 2024 WL 4825814, at *6 (M.D. Fla. Nov. 19, 2024) (dismissing TVPRA beneficiary claim, finding that participation prong was insufficiently alleged where there were "no allegations that" the "unknown" employees "acted within the scope of their employment with [the defendant] by serving as lookouts or information, nor that [the defendant] authorized them to do so").

While Plaintiff has alleged that some of Defendant's staff may have known about her status as a victim, that does not amount to Defendant's participation in a "venture." *Compare A.L.*, 2025 WL 1151750, at *3, *with J.H. v. Northbrook Indus., Inc.*, 619 F. Supp. 3d 1228, 1236 (N.D. Ga. Aug. 2, 2022) (finding plaintiff plausibly alleged hotel operator's participation in a venture where operator was allegedly "closely involved with the daily management of the hotel" and "did far more than receive revenue and reviews mentioning sex work"). Thus, Plaintiff fails to state a cognizable beneficiary claim under the TVPRA.

## IV.    CONCLUSION

Accordingly, Defendant's motion to dismiss (Doc. 38) is **GRANTED**. The second amended complaint is **DISMISSED without prejudice**.[1] Plaintiff may file a third amended complaint on or before October 8, 2025.

**DONE** and **ORDERED** in Orlando, Florida, on September 18, 2025.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

---

[1] The Court provides Plaintiff an additional opportunity to amend because it is unclear that such amendment would be futile or would unduly prejudice Defendant. *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 929, 930 (11th Cir. 2016) (stating that "the decision whether to deviate from the default of dismissal with prejudice is left to the district court's discretion" and affirming dismissal with prejudice where another round of amendments would have unduly protracted the district court proceedings and promoted judicial inefficiency); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that the district court does not need to permit amendment where, *inter alia*, amendment would be futile).

6